CADES SCHUTTE
A Limited Liability Law Partnership

KELLY G. LaPORTE            6294
NATHANIEL DANG            11102
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
Fax:  (808) 521-9210
Email:  klaporte@cades.com
          ndang@cades.com

Attorneys for Plaintiff
HAWAII FOODSERVICE ALLIANCE, LLC

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII FOODSERVICE ALLIANCE, LLC, a Hawaii limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>MEADOW GOLD DAIRIES HAWAII, LLC, a Hawaii limited liability company; HOLLANDIA DAIRY, INC., a California corporation; and HERITAGE DISTRIBUTING COMPANY dba NINTH AVENUE FOODS, a California corporation;<br><br>Defendants. | CIVIL NO. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff HAWAII FOODSERVICE ALLIANCE, LLC ("**Hawaii Foodservice**" or "**Plaintiff**") by and through its attorneys Cades Schutte LLP, for its Complaint against Defendants MEADOW GOLD DAIRIES HAWAII, LLC ("**MGD**"), HOLLANDIA DAIRY, INC., ("**Hollandia**"), and HERITAGE DISTRIBUTING COMPANY dba NINTH AVENUE FOODS ("**Heritage**") (collectively, "**Defendants**") alleges as follows:

## NATURE OF THE ACTION

1.      Hawaii Foodservice brings this action against Defendants, which are wrongfully profiting from the goodwill, reputation, and perceived superior freshness associated with milk produced by cows in the geographic region of Hawaii by passing off milk imported from California in the continental United States ("**Mainland Milk**") as local milk produced from cows in Hawaii through Defendants' terms and phrases utilized in advertising and labeling of their Mainland Milk such as "Hawaii's Dairy" and "Made with Aloha." Defendants also intentionally misrepresent that their Mainland Milk products are associated with the farmers in Oahu who produced milk from their cows in Hawaii through the "Dairymen's Association" beginning in the late 1800s through advertising and labeling of their Mainland Milk. Defendants' deceptive practices flood the Hawaii marketplace with disguised Mainland Milk products, which misleads consumers

into believing that the Mainland Milk purchased from Defendants originates from local dairy cows in Hawaii.  Consequently, Hawaii consumers, believing they are supporting local dairy farmers and a sustainable Hawaii, purchase these fake "local" products (and even pay a premium price for them) over competing milk products, thereby diverting sales from other milk suppliers such as Hawaii Foodservice, which does not falsely advertise its milk as having been produced locally in Hawaii.  Further, Defendants' deceptive and unfair practices prevent future producers of actual local dairy products from differentiating themselves as truly local and fresher for the Hawaii consumer.

2.     By their actions, Defendants have artificially depressed the sales of identical or nearly identical milk products produced outside of Hawaii that are honestly sold in Hawaii without misleading labels and advertising, and Defendants have caused customer confusion as to the legitimate sources of local milk products actually produced in Hawaii.  As a direct result, Hawaii Foodservice has lost considerable sales volumes and related profits, and Defendants have made considerable unjust profits from their Mainland Milk, all in violation of the Lanham Act, 15 U.S.C. § 1125.

## **PARTIES**

3.     Plaintiff Hawaii Foodservice Alliance, LLC, is a Hawaii limited liability company registered in Hawaii on May 14, 1999, and its sole member is

Chad R. Buck, Trustee of the Chad R. Buck Revocable Trust dated March 16, 2006, as amended.

4.    On information and belief, Defendant Meadow Gold Dairies Hawaii, LLC, is a Hawaii limited liability company registered in Hawaii on April 14, 2020, and managed by its member Bahman Sadeghi.

5.    On information and belief, Defendant Hollandia Dairy, Inc. is a California corporation with its principal place of business in San Marcos, California.  Hollandia produces, packages, labels, and supplies to MGD Mainland Milk products that are sold in this Judicial District.

6.    On information and belief, Defendant Heritage Distributing Company dba Ninth Avenue Foods is a California corporation with its principal place of business in City of Industry, California.  Heritage does business under the fictitious business name Ninth Avenue Foods and produces, packages, labels, and supplies to MGD Mainland Milk products that are sold in this Judicial District.

## **JURISDICTION AND VENUE**

7.    This action arises under 15 U.S.C. § 1125(a).  This Court has original subject matter jurisdiction over Hawaii Foodservice's claims for Lanham Act violations under 15 U.S.C. § 1121(a) and federal question jurisdiction under 28 U.S.C. § 1331.

8.     MGD has its principal place of business in this Judicial District. Defendants conduct business in this Judicial District and have sold and distributed their Mainland Milk products in this Judicial District, falsely designating these products as originating in Hawaii by use of advertising for, and labeling on, their Mainland Milk products as from "Hawaii's Dairy" and "Made with Aloha." The prevalence of the sale and distribution of Defendants' deceptive dairy products in this Judicial District has harmed Hawaii Foodservice's sales volumes of their identical or nearly identical milk originating from the mainland, or otherwise compete, in this Judicial District. Defendants have committed acts of unfair competition and false advertising in this Judicial District in violation of the Lanham Act.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## FACTUAL BACKGROUND

10.     Hawaii is one of the most isolated land masses on Earth, and as such, has a unique local agriculture environment. Many consumers in Hawaii consider milk originating from cows on dairy farms in Hawaii and processed in Hawaii to be fresher, healthier, and superior to milk from cows in the continental United States that is processed on the mainland and shipped over 2,000 miles to Hawaii.

Further, many Hawaii food product consumers desire to support the local Hawaii economy and "buy local" as a way of making Hawaii's food systems more sustainable and secure.  Consequently, many Hawaii consumers will pay a premium to purchase milk that they believe, based upon its packaging and advertising, originates in Hawaii, rather than purchasing milk that they understand is not locally produced.

11.    Defendants know and take unfair advantage of the market for authentic local milk products.

12.    MGD's Mainland Milk is 100% produced from cows located outside of Hawaii.  Hollandia's and Heritage's pre-packaged Mainland Milk is 100% produced from cows located outside of Hawaii and processed in California, where MGD's labels are applied to Defendants' milk containers and then shipped to Hawaii.  Hollandia also supplies MGD with Mainland Milk in 6,000 gallon tanks that is pasteurized in California, which is then re-pasteurized on the Island of Hawaii and packaged with identical labeling as Hollandia's and Heritage's pre-packaged Mainland Milk.

13.    Defendants falsely designate the geographic origin of their Mainland Milk they sell in Hawaii with the prominent placement of "Hawaii's Dairy" and "Made with Aloha" on the packaging of their Mainland Milk.

14.    Defendants sell their packaged Mainland Milk that they present to Hawaii consumers as milk originating from Hawaii, but their Mainland Milk actually contains ***no*** milk originating from Hawaii.

15.    Defendants' anti-competitive actions have caused and continue to cause significant harm to Hawaii Foodservice, including but not limited to the diversion of sales from Hawaii Foodservice to Defendants by misleading Hawaii consumers to pay a premium price for Defendants' milk on the belief that they are buying local milk produced from cows in Hawaii.

16.    For example, as shown in Figure 1 below, the geographic references for the one gallon whole Mainland Milk product pertain solely to Hawaii, indicating the Mainland Milk jug is produced by "Hawaii's Dairy" and that it is "Made with Aloha":



FIGURE 1

17.    Similarly, as shown in Figure 2 below, the geographic references for the one gallon 2% reduced fat Mainland Milk product pertain solely to Hawaii, indicating the Mainland Milk jug is produced by "Hawaii's Dairy" and that it is "Made with Aloha":



FIGURE 2

18.    As shown in Figure 3 below, in addition to stating "Hawaii's Dairy" and "Made With Aloha," Defendants' one quart container of Mainland Milk states in relevant part:

In 1987 seven Oʻahu dairy farms united as the Dairymen's Association, Ltd, to manufacture fresh milk for the community. Through the support of Hawaiʻi families, we grew to become Meadow Gold Dairies in 1959.

Today we operate statewide and continue to manufacture fresh milk, dairy, juice and nectar products in Hawaiʻi.  Generations of

loyal Island families enable us to maintain our tradition of giving back
to the communities we serve.

**MOOhalo!**

*Made with Aloha*



FIGURE 3

19.    As shown below, on its website MGD also deceptively advertises its
milk products as coming from "HAWAII'S DAIRY FOR OVER 120 YEARS" and
"Made With Aloha":



FIGURE 4

20.    Under the title, "AN ISLAND TRADITION," its website further advertises that MGD is proud to be locally owned, and "we continue to produce your Meadow Gold favorites always made with aloha."

21.    The website also prominently features the MGD mascot known as "Lani Moo" in local Hawaii attire, showing photographs of farms and cows on Hawaii:



FIGURE 5



FIGURE 6



FIGURE 7

However, MGD owns zero cows in Hawaii (with the exception of the mascot costume "Lani Moo") and owns zero dairy farms in Hawaii.

22.    As depicted in an image from its website below, MGD's president Bahman Sadeghi similarly suggests that MGD's products originate in Hawaii, with a quote stating in part that, "For over 25 years while farming on the Big Island, my

milk check came from Meadow Gold and that is what I raised my family on . . . this is the company I survived on.  Now that I'm part of the brand, it's important we pay that forward by bringing together schools, universities, farmers, and those contributing to building food sustainability in Hawaiʻi."



FIGURE 8

23.    A reasonable consumer would be led to believe that Defendants' milk products originate from farms in Hawaii, and that purchasing those milk products would build food sustainability in Hawaii by supporting local dairy farmers in Hawaii.  However, *none* of Defendants' Mainland Milk originates from any dairy farm in Hawaii.

24.    While many years in the past a different entity that owned and operated farms known as "Meadow Gold" actually sourced their dairy products

from their own cattle and dairy farms in Hawaii and from other farms in Hawaii, MGD did not exist until April 2020, and at no time in its existence did it source any of the contents of its Mainland Milk from any cows or dairy farms in Hawaii.

25.    Defendants' deceptive product descriptions are intentionally designed to mislead consumers into believing that their Mainland Milk products contain milk originating from Hawaii.  The deceptive marketing and package designs are all intended to trade off the reputation and goodwill of milk that actually originates from Hawaii.  Defendants deliberately mislead the consumer into believing that their Mainland Milk products contain nothing but milk originating in Hawaii to justify the high prices charged for what is actually milk produced from cows in the continental United States that is processed and packaged in California with MGD's labels and then shipped to Hawaii, or Mainland Milk shipped in bulk to Hawaii and then packaged, to mislead the consumer to believe that the milk for which they are paying a premium price originates from dairy cows in Hawaii.

26.    Defendants have actively concealed the origin of their Mainland Milk products by falsely labeling and advertising them as produced by "Hawaii's Dairy" and "Made with Aloha" with the intent that participants in the milk market and consumers would be unable to determine that Defendants' Mainland Milk products were not sourced from dairy cows in Hawaii.  Defendants had and have actual knowledge of their acts of concealment.  Under the Lanham Act and Hawaii's laws

protecting consumers and competitors against unfair and deceptive trade practices, unfair competition, and false advertising, Defendants owed and owe Hawaii Foodservice and Hawaii milk consumers the duty to refrain from making false designations of the origin of Defendants' Mainland Milk.

## FIRST CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION UNDER THE LANHAM ACT § 43(a) (15 U.S.C. § 1125 (a))

27.    Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

28.    Section 43(a) of the Lanham Act provides in pertinent part: "Any person, who, on or in connection with any goods or services, or any container of goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action

by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. §1125(a)(1)(A)&(B).

29.    Hawaii Foodservice has a reasonable and genuine interest to be protected against Defendants' false designation of origin and sale of Mainland Milk falsely labeled as originating from Hawaii.

30.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), Defendants have used, continue to use, and/or profit from their deceptive use of advertising and labeling of Hawaii as a false designation of the origin of its Mainland Milk products.

31.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), Defendants' false designation of origin for the Mainland Milk they manufacture, distribute, and/or sell in commerce is likely to cause consumer confusion and mistaken purchases, and is likely to deceive consumers as to the origin of the Mainland Milk manufactured, distributed, and/or sold by Defendants.

32.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), Defendants have used in commerce descriptions that falsely and/or misleadingly designate Hawaii as the origin of its Mainland Milk products, when none of the Mainland Milk contains milk originating from dairy cows in Hawaii.

33.    By marketing and selling their Mainland Milk products that falsely designate Hawaii as the origin of its contents, Defendants are deceiving consumers

to pay a premium price and to choose milk products that are not sourced from Hawaii, to the detriment of Plaintiff.

34.    Plaintiff has been and continues to be damaged by Defendants' violations of the Lanham Act, and is therefore entitled to equitable relief, including a permanent injunction, and damages in an amount to be proven at trial.  As a component of damages to be awarded, Plaintiff requests an award to finance a corrective advertising campaign to help remedy the harm that Defendants have caused.

35.    Because Defendants are sophisticated participants in the dairy industry, they had full knowledge of exactly what they were selling.  Given the egregious nature of Defendants' false designation of Hawaii as the source of their Mainland Milk, Plaintiff seeks an award of three times actual damages.

36.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover Defendants' profits earned through the sale of their Mainland Milk products that falsely designate Hawaii as the origin of their contents.

37.    As a direct and proximate result of their wrongful conduct as alleged above, Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, and to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 permanently restraining Defendants from

falsely designating Hawaii as the origin of their Mainland Milk products in their labels, packaging, promotions, marketing, or advertising of any Mainland Milk product they manufacture, package, or label.

38.    Pursuant to 15 U.S.C. § 1117, Plaintiff seeks to recover the cost of this action, and, because this case qualifies as exceptional, its reasonable attorneys' fees.

39.    Plaintiff seeks to hold Defendants jointly and severally liable for the lost profits of Plaintiff and for corrective advertising necessary to restore the reputation and goodwill of Hawaii Foodservice's products.

## SECOND CAUSE OF ACTION

### UNFAIR METHODS OF COMPETITION
### (HAW. REV. STAT. CHAPTER 480)

40.    Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

41.    The foregoing acts, practices, and conduct by Defendants violated Haw. Rev. Stat. § 480-2, which prohibits unfair competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

42.    Plaintiff has been injured by the reason of Defendants' unfair competition, arising from their deceptive trade practices as merchants in knowingly and misleadingly advertising and labeling their Mainland Milk products to suggest they are locally produced in Hawaii and that the origin of their Mainland Milk

products are sourced in Hawaii.  Specifically, Defendants' packaging and labels on their Mainland Milk products containing the phrases "Made with Aloha"; "Hawaii's Dairy"; and "Today we operate statewide and continue to manufacture fresh milk . . . products in Hawai'i", among other things, constitute material representations that are likely to mislead consumer's acting reasonably under the circumstances because these representations are likely to affect a consumer's choice.  Defendants' practices are unfair because they offend established public policy and the practices are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

43.    Defendants compete as suppliers of milk products with Plaintiff and other suppliers of milk products in Hawaii, and Defendants' unfair practices have adversely impacted, and continue to adversely affect Plaintiff and other honest business persons by flooding the Hawaii marketplace with Mainland Milk disguised as a "local" produce for which consumers are misled and pay a premium price over competing milk products that similarly originate from the mainland, such as provided by Hawaii Foodservice.  Defendants' conduct also harms competition because it makes it more difficult for competitors selling identical non-local milk products to Hawaii consumers to continue to offer their products in Hawaii because Defendants receive an unfair advantage in the Hawaii milk market

by obtaining premium prices and more customers as a result of their deceptive labeling of their products as being from Hawaii.

44.    Defendants' deceptive and unfair manner of competing in the Hawaii milk market diverts sales from other milk suppliers such as Hawaii Foodservice, which does not falsely advertise its milk as having been produced locally in Hawaii.

45.    Defendants' deceptive and unfair practices of competing in the Hawaii milk market have an additional negative effect on competition because their deceptive labeling prevents future producers or suppliers of actual local dairy products from differentiating themselves as providing truly local and fresher milk for the Hawaii consumer.

46.    Defendants' deceptive and unfair practices have caused, and continue to cause, direct and substantial harm to Hawaii Foodservice's business; Plaintiff is therefore entitled to sue for and recover treble damages, costs, and reasonable attorneys' fees pursuant to Haw. Rev. Stat. § 480-13.

47.    Plaintiff shall be entitled to such damages in an amount to be proven at the trial hereof.

## <u>THIRD CAUSE OF ACTION</u>
## FALSE ADVERTISING
## (HAW. REV. STAT. § 708-871)

48.     Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

49.     Defendants have represented, and continue to represent, to the public through deceptive packaging, marketing, and advertising, that the contents of their Mainland Milk products are sourced from local dairy cows in Hawaii, which is misleading because ***none*** of the contents of their Mainland Milk products originate from any dairy cows in Hawaii.

50.     Defendants have violated and continue to violate Haw. Rev. Stat. § 708-871 by disseminating misleading information when they know, knew, or should have known through the exercise of reasonable care that the representations made in their packaging, marketing, and advertising addressed to the public were and continue to be misleading.

51.     Plaintiff has been injured by the reason of Defendants' false advertising and labeling of their Mainland Milk products to suggest that they are locally produced and that the origin of their contents are sourced in Hawaii. Plaintiff is therefore entitled to recover damages.

52.     Pursuant to Haw. Rev. Stat. § 603-23.5, Plaintiff shall be entitled to injunctive relief to enjoin Defendants' acts that violate Haw. Rev. Stat. § 708-871 and to such damages in an amount to be proven at the trial hereof.

**FOURTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES**
**(HAW. REV. STAT. CHAPTER 481A)**

53.     Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

54.     The foregoing acts, practices, and conduct by Defendants violated Haw. Rev. Stat. Section 481A *et seq*., which prohibits deceptive trade practices, including but not limited to the use of "deceptive representations or designations of geographic origin in connection with goods" and causing "likelihood of confusion or misunderstanding as to the source" of goods in the conduct of one's business, vocation, or occupation.

55.     Plaintiff has been injured by the reason of Defendants' deceptive trade practices in willfully and misleadingly advertising and labeling their Mainland Milk products to suggest they originate from local dairy cows in Hawaii.  Plaintiff is therefore entitled to sue for and recover injunctive relief pursuant to Haw. Rev. Stat. § 481A-4.  Moreover, because Defendants willfully engaged in deceptive trade practices, Plaintiff is entitled to its reasonable attorneys' fees pursuant to Haw. Rev. Stat. § 481A-4.

Plaintiff shall be entitled to such damages in an amount to be proven at the trial hereof.

## **PRAYER FOR RELIEF**

WHEREFORE, Hawaii Foodservice prays for relief as follows:

A.    As a direct and proximate result of their wrongful conduct as alleged above, Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff and to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 permanently restraining Defendants from designating Hawaii as the origin of Defendants' Mainland Milk products in Defendants' labels, packaging, promotions, marketing, or advertising of any Mainland Milk product they manufacture, package, or label;

B.    Pursuant to 15 U.S.C. § 1117, Plaintiff seeks to

(1)    hold Defendants jointly and severally liable for all damages resulting from Defendants' acts alleged herein,

(2)    compel Defendants to account for—and to disgorge—any and all of the profits derived by Defendants through their illegal acts complained of herein,

(3)    have its damages trebled as a result of Defendants' deliberate, willful, and intentional conduct in violation of 15 U.S.C. § 1125(a), and

(4)    recover the cost of this action, and, because this case qualifies as exceptional, its reasonable attorneys' fees;

C.    Pursuant to Haw. Rev. Stat. § 408-13, Plaintiff seeks to recover threefold of its damages sustained, and its reasonable attorneys' fees and costs of suit;

D.    Pursuant to Haw. Rev. Stat. § 481A-4, Plaintiff seeks an injunction permanently restraining Defendants from designating Hawaii as the origin of Defendants' Mainland Milk products in Defendants' labels, packaging, promotions, marketing, or advertising of any Mainland Milk product they manufacture, package, or label.  Plaintiff also seeks to recover its reasonable attorneys' fees;

E.    Plaintiff seeks to hold Defendants jointly and severally liable for the lost profits of Plaintiff and for corrective advertising necessary to restore the reputation and goodwill of Plaintiff's milk products that do not falsely designate Hawaii as their origin;

F.    Plaintiff seeks prejudgment and post-judgment interest; and

G.    Plaintiff seeks an award of any and all other relief that this Court deems just and proper.

DATED:  Honolulu, Hawaii, November 24, 2021.

CADES SCHUTTE
A Limited Liability Law Partnership

/s/ *Kelly G. LaPorte*

KELLY G. LaPORTE
NATHANIEL DANG
Attorneys for Plaintiff
HAWAII FOODSERVICE ALLIANCE,
LLC