CADES SCHUTTE
A Limited Liability Law Partnership

KELLY G. LaPORTE            6294
LINDSAY N. MCANEELEY        8810
NATHANIEL DANG             11102
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email: klaporte@cades.com
        lmcaneeley@cades.com
        ndang@cades.com

Attorneys for Plaintiff
HAWAII FOODSERVICE ALLIANCE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII FOODSERVICE ALLIANCE, LLC, a Hawaii limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>MEADOW GOLD DAIRIES HAWAII, LLC, a Hawaii limited liability company; HOLLANDIA DAIRY, INC., a California corporation; HERITAGE DISTRIBUTING COMPANY dba NINTH AVENUE FOODS, a California corporation; and SAPUTO DAIRY FOODS USA, LLC, a Delaware corporation;<br><br>Defendants. | CIVIL NO. 21-00460 LEK-WRP<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT

Plaintiff HAWAII FOODSERVICE ALLIANCE, LLC ("**Hawaii Foodservice**" or "**Plaintiff**") by and through its attorneys Cades Schutte LLP, for its First Amended Complaint against Defendants MEADOW GOLD DAIRIES HAWAII, LLC ("**MGD**"), HOLLANDIA DAIRY, INC., ("**Hollandia**"), HERITAGE DISTRIBUTING COMPANY dba NINTH AVENUE FOODS ("**Heritage**"), and SAPUTO DAIRY FOODS USA, LLC ("**Saputo**") (collectively, "**Defendants**") alleges as follows:

## NATURE OF THE ACTION

1.     Hawaii Foodservice brings this action against Defendants, which are wrongfully profiting from the goodwill, reputation, and perceived superior freshness associated with milk produced by cows in the geographic region of Hawaii by passing off milk and other milk products such as whipping cream imported from California in the continental United States ("**Mainland Milk Products**") as local milk products produced from cows in Hawaii through Defendants' terms and phrases utilized in advertising and labeling of their Mainland Milk Products such as "Hawaii's Dairy" and "Made with Aloha." Defendants also intentionally misrepresent through advertising and labeling that their Mainland Milk Products are associated with the farmers in Oahu who produced milk from their cows in Hawaii through the "Dairymen's Association" beginning in the late 1800s. Defendants'

deceptive statements and practices flood the Hawaii marketplace with disguised Mainland Milk Products, which misleads consumers into believing that Defendants' Mainland Milk Products originate from local dairy cows in Hawaii.  Consequently, Hawaii consumers, believing they are supporting local dairy farmers and a sustainable Hawaii, purchase these fake "local" products (and even pay a premium price for them) over competing milk products, thereby diverting sales from other milk suppliers such as Hawaii Foodservice, which do not falsely advertise its milk as having been produced locally in Hawaii.  Further, Defendants' deceptive statements and unfair practices prevent future producers of actual local dairy products from differentiating themselves as truly local and fresher for the Hawaii consumer.

2.     By their actions, Defendants have caused customer confusion as to the origin and affiliation of Defendants' Mainland Milk Products and have artificially depressed the sales of identical or nearly identical milk products produced outside of Hawaii that are honestly sold in Hawaii without misleading labels and advertising. As a direct result, Hawaii Foodservice has lost considerable sales volumes and related profits, and Defendants have made considerable unjust profits from their Mainland Milk, all in violation of the Lanham Act, 15 U.S.C. § 1125 and other laws.

## PARTIES

3.     Plaintiff Hawaii Foodservice Alliance, LLC, is a Hawaii limited liability company registered in Hawaii on May 14, 1999, and its sole member is Chad R. Buck, Trustee of the Chad R. Buck Revocable Trust dated March 16, 2006, as amended.

4.     On information and belief, Defendant Meadow Gold Dairies Hawaii, LLC, is a Hawaii limited liability company registered in Hawaii on April 14, 2020, and managed by its member Bahman Sadeghi.

5.     On information and belief, Defendant Hollandia Dairy, Inc. is a California corporation with its principal place of business in San Marcos, California. Hollandia produces, packages, labels, and supplies to MGD Mainland Milk Products that are sold in this Judicial District.

6.     On information and belief, Defendant Heritage Distributing Company dba Ninth Avenue Foods is a California corporation with its principal place of business in City of Industry, California.  Heritage does business under the fictitious business name Ninth Avenue Foods and produces, packages, labels, and supplies to MGD Mainland Milk Products that are sold in this Judicial District.

7.     On information and belief, Defendant Saputo Dairy Farms USA, LLC is a Delaware corporation with its principal place of business in Lincolnshire,

Illinois.  Saputo produces, packages, labels, and supplies to MGD Mainland Milk Products that include whipping cream that are sold in this Judicial District.

8.     Defendants John Does 1-10, Jane Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, and Doe Entities 1-10 are persons or entities who are or may be liable together with the above-named Defendants for acts and omissions alleged herein for violation of the Lanham Act and other statutes, and whose true names, identities and capacities are presently unknown to Plaintiff or Plaintiff's attorneys. Plaintiff has investigated available publicly available information, but is unable to ascertain whether or not all parties who are or may be liable for the acts and omissions as alleged herein are named herein.  Plaintiff will identify such defendants if and when their names and capacities are ascertained.

## JURISDICTION AND VENUE

9.     This action arises under 15 U.S.C. § 1125(a).  This Court has original subject matter jurisdiction over Hawaii Foodservice's claims for Lanham Act violations under 15 U.S.C. § 1121(a) and federal question jurisdiction under 28 U.S.C. § 1331.

10.     MGD has its principal place of business in this Judicial District. Defendants Hollandia, Heritage, and Saputo produce, package, label, and supply to MGD for purposes of selling and distributing in this Judicial District Mainland Milk Products that falsely designate the products as originating in Hawaii.  MGD,

in turn, advertises, sells, and distributes those Mainland Milk Products in this Judicial District.

11.     The prevalence of the sale and distribution of Defendants' deceptive Mainland Milk Products in this Judicial District has harmed and continues to harm Hawaii Foodservice's sales volumes of their identical or nearly identical milk products originating from the mainland, and has otherwise negatively impacted competition in this Judicial District.  Defendants have committed acts of unfair competition and false advertising in this Judicial District in violation of the Lanham Act and other laws.

12.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## FACTUAL BACKGROUND

13.     Hawaii is one of the most isolated land masses on Earth, and as such, has a unique local agriculture environment.  Many consumers in Hawaii consider milk originating from cows on dairy farms in Hawaii and processed in Hawaii to be fresher, healthier, and superior to milk from cows in the continental United States that is processed on the mainland and shipped over 2,000 miles to Hawaii.  Further, many Hawaii food product consumers desire to support the local Hawaii economy and "buy local" as a way of making Hawaii's food systems more sustainable and

secure. Consequently, many Hawaii consumers will not only prefer, but also pay a premium to purchase, milk products they believe—based upon their labeling and advertising—originate in Hawaii, rather than purchasing milk products they understand is not locally produced.

14. Defendants know and take unfair advantage of the market for authentic local milk products to the detriment of other Hawaii market participants and consumers.

15. The Mainland Milk Products advertised and sold by MGD in Hawaii are 100% produced from cows located outside of Hawaii.

16. The pre-packaged milk products supplied to MGD by Hollandia, Heritage, and Saputo are 100% produced from cows located outside of Hawaii.

17. The pre-packaged milk products supplied to MGD by Hollandia, Heritage, and Saputo are processed in California, where Hollandia, Heritage, and Saputo apply labels to their respective products indicating such products originate from "Hawaii's Dairy," are "Made with Aloha," and, in some instances, are associated with the farmers in Oahu who produced milk from their cows in Hawaii through the "Dairymen's Association" beginning in the late 1800s, before they are shipped to MGD in Hawaii.

18. Hollandia also supplies MGD with Mainland Milk in 6,000 gallon tanks that is pasteurized in California, shipped to and re-pasteurized on the Island of

Hawaii, and then packaged by MGD with identical labeling as Hollandia's and Heritage's pre-packaged and labeled Mainland Milk Products.

19.    Defendants falsely designate the geographic origin of the Mainland Milk Products supplied to MGD and sold by MGD in Hawaii in statements that they cause to enter interstate commerce on products shipped to and sold in Hawaii, including with the prominent placement of "Hawaii's Dairy," "Made with Aloha" on product labels and in other statements on the labeling of and advertisement for these Mainland Milk Products.

20.    For example, as shown in Figure 1 below, the geographic references for the one gallon whole Mainland Milk product pertain solely to Hawaii, indicating the Mainland Milk jug is produced by "Hawaii's Dairy" and that it is "Made with Aloha":



FIGURE 1

21.     Similarly, as shown in Figure 2 below, the geographic references for the one gallon 2% reduced fat Mainland Milk product pertain solely to Hawaii, indicating the Mainland Milk jug is produced by "Hawaii's Dairy" and that it is "Made with Aloha":



FIGURE 2

22.     As shown in Figure 3 below, in addition to stating "Hawaii's Dairy"

and "Made With Aloha," Defendants' one quart container of Mainland Milk states

in relevant part:

> In 1987 seven Oʻahu dairy farms united as the Dairymen's Association, Ltd, to manufacture fresh milk for the community. Through the support of Hawaiʻi families, we grew to become Meadow Gold Dairies in 1959.
>
> Today we operate statewide and continue to manufacture fresh milk, dairy, juice and nectar products in Hawaiʻi.  Generations of loyal Island families enable us to maintain our tradition of giving back to the communities we serve.
>
> **MOOhalo!**
> *Made with Aloha*



FIGURE 3

23.    As shown in Figure 4 below, Saputo's one quart container of heavy whipping cream that it packages with Mainland Milk Products and labels in California, then distributes in interstate commerce to MGD for sales to consumers in Hawaii, contains the same labeling that advertises this product as originating from "Hawaii's Dairy" and "Made With Aloha," and includes the same statements regarding the Dairymen's Association on Oʻahu and continuing "to manufacture fresh milk, dairy . . . products in Hawaiʻi":



FIGURE 4

24.    As shown below in Figure 5 below, on its website, MGD also deceptively advertises its milk products as coming from "HAWAII'S DAIRY FOR OVER 120 YEARS" and "Made With Aloha":



FIGURE 5

25.     Under the title, "AN ISLAND TRADITION," MGD's website further advertises that MGD is proud to be locally owned and operated, and "we continue to produce your Meadow Gold favorites always made with aloha."

26.     MGD's website also prominently features the MGD mascot known as "Lani Moo" in local Hawaii attire, along with several photographs of farmland and a cow in Hawaii:

13



FIGURE 6



FIGURE 7



FIGURE 8

27.     However, MGD owns zero cows in Hawaii (with the exception of the mascot costume "Lani Moo") and owns zero dairy farms in Hawaii.

28.     As depicted in an image from its website in Figure 9 below, MGD's president Bahman Sadeghi similarly suggests that MGD's products originate in Hawaii, with a quote stating in part that, "For over 25 years while farming on the

15

Big Island, my milk check came from Meadow Gold and that is what I raised my family on . . . this is the company I survived on.  Now that I'm part of the brand, it's important we pay that forward by bringing together schools, universities, farmers, and those contributing to building food sustainability in Hawaiʻi."



FIGURE 9

29.    The labeling and advertising of the Mainland Milk Products sold by MGD in Hawaii would lead a reasonable consumer to believe that Defendants' milk products originate from farms in Hawaii.  The labeling and advertising of the Mainland Milk Products sold by MGD in Hawaii would also lead or likely lead a reasonable consumer to believe that purchasing those milk products would build food sustainability in Hawaii by supporting local dairy farmers in Hawaii.  However,

*none* of Defendants' Mainland Milk Products originate from any dairy farm in Hawaii.

30.     While many years in the past a different entity that owned and operated farms known as "Meadow Gold" actually sourced their dairy products from their own cattle and dairy farms in Hawaii and from other farms in Hawaii, MGD did not exist until April 2020, and at no time in its existence did it source any of the contents of its Mainland Milk Products from any cows or dairy farms in Hawaii.

31.     The deceptive descriptions on the labels placed on the Mainland Milk Products supplied to and sold by MGD, and MGD's statements in its website, are intentionally designed to mislead consumers into believing that those Mainland Milk Products contain milk originating from Hawaii.  The deceptive marketing and label designs are intended to trade off the reputation and goodwill of "local" milk products that actually originate in Hawaii.  Defendants deliberately mislead consumers into believing that the Mainland Milk Products supplied to and sold by MGD in Hawaii contain milk originating in Hawaii to induce them into choosing those products over other competing products and to justify the inflated prices charged for those products.

32.     Defendants conspired and participated in an organized campaign with each other to use misleading information to deceive Hawaii consumers regarding material aspects of their Mainland Milk Products, including the products' origin, to

penetrate and enhance the success of their respective products in the Hawaii milk product market by collectively falsely labeling and advertising them as produced by "Hawaii's Dairy" and "Made with Aloha" and making other statements with the intent that participants in the milk product market and consumers would be unable to determine that Defendants' Mainland Milk Products were not sourced from dairy cows in Hawaii. Defendants had—and continue to have—actual knowledge of their acts of concealment, and have actively and knowingly participated in the labeling of their Mainland Milk Products that has materially furthered the unlawful conduct, either by inducing it, causing it, or in some other way working to bring it about. Each of the Defendants knew that the false and misleading statements on the labels for the Mainland Milk Products would be broadly disseminated to Hawaii consumers, and that those statements would likely influence consumers and increase consumption of those products.

33. Each Defendant knew about, approved, and condoned the misleading labels, and each Defendant engaged in a bad faith refusal to exercise a clear contractual power to halt the false advertising in the labeling of their Mainland Milk Products that they produced, labeled, and/or distributed for sale to consumers in Hawaii.

34.     Each of the Defendants participated in unlawful deceptive and anti-competitive conduct by engaging in it directly or by inducing it, causing it, or in some other way working to bring it about or materially furthering it.

35.     Defendants' deceptive and anti-competitive actions have caused and continue to cause significant harm to Hawaii Foodservice, including but not limited to the diversion of sales from Hawaii Foodservice to Defendants, by misleading Hawaii consumers to pay a premium price for Defendants' Mainland Milk Products on the belief that they are buying local milk products produced from cows in Hawaii.

36.     Under the Lanham Act and Hawaii's laws protecting consumers and competitors against unfair and deceptive trade practices, unfair competition, and false advertising, Defendants owed and owe Hawaii Foodservice and Hawaii milk consumers the duty to refrain from making false designations of the origin of Defendants' Mainland Milk Products.

## FIRST CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION UNDER THE LANHAM ACT § 43(a) (15 U.S.C. § 1125 (a))

37.     Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

38.     Section 43(a) of the Lanham Act provides in pertinent part: "Any person, who, on or in connection with any goods or services, or any container of goods, uses in commerce any word, term, name, symbol, or device, or any

combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. §1125(a)(1)(A)&(B).

39.    Hawaii Foodservice has a reasonable and genuine interest to be protected against Defendants' false designation of origin and sale of Mainland Milk Products falsely labeled as originating from Hawaii in this judicial district in which Hawaii Foodservice competes with Defendants for the sale of milk products.

**Direct Liability**

40.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), Hollandia, Heritage, and Saputo label and supply to MGD for sale in Hawaii Mainland Milk Products with false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation as set forth herein.

41.   In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), MGD purchases, distributes, and sells in Hawaii Mainland Milk Products with false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation as set forth herein.   Using similar and additional false and misleading statements, including those set forth herein, MGD further promotes and advertises those products on its website.

42.   In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), Defendants have used—and continue to use and profit from their use of—false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation as set forth herein in connection with Mainland Milk Products they manufacture, distribute, and/or sell in interstate commerce for the purpose of influencing consumers to purchase such goods.

43.   In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), Defendants' false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation as set forth herein in connection with Mainland Milk Products they manufacture, distribute, and/or sell in interstate commerce, is likely to cause consumer confusion, cause mistake, and/or deceive consumers, as to material

aspects of their Mainland Milk Products, including the products' origin and affiliation.

44.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), Defendants' false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation as set forth herein in connection in connection with Mainland Milk Products they manufacture, distribute, and/or sell in interstate commerce, are used in connection with promoting and/or advertising the products, which are widely disseminated in the Hawaii market.

45.    In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), Defendants' false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation as set forth herein in connection in connection with Mainland Milk Products they manufacture, distribute, and/or sell in interstate commerce, are deceiving consumers to pay a premium price and to choose Defendants' Mainland Milk Products to the detriment of Hawaii Foodservice.

46.    Defendants operated with a unity of purpose and/or in a coordinated effort to produce Mainland Milk Products with false designations of origin and/or false or misleading descriptions or representations of fact, including as to the products' origin and affiliation, for sale in Hawaii.

47.     Defendants' coordinated campaign to use false and misleading information to deceive Hawaii consumers regarding material aspects of their Mainland Milk Products benefited all Defendants by enhancing the success of those Mainland Milk Products in the Hawaii milk product market.

48.     Plaintiff has been and continues to be damaged in its commercial interest in sales by Defendants' violations of the Lanham Act, and is therefore entitled to equitable relief, including a permanent injunction, and damages in an amount to be proven at trial.  As a component of damages to be awarded, Plaintiff requests an award to finance a corrective advertising campaign to help remedy the harm that Defendants have caused.

49.     Because Defendants are sophisticated participants in the dairy industry, they had full knowledge of exactly what they were labeling, distributing, marketing, and selling.  Given the egregious nature of Defendants' violations  of the Lanham Act, Plaintiff seeks an award of three times actual damages.

50.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover Defendants' profits earned through the sale of their Mainland Milk Products that falsely designate Hawaii as the origin of their contents.

51.     As a direct and proximate result of their wrongful conduct as alleged above, Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, and to its business, reputation, and goodwill, for which

there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 permanently restraining Defendants from falsely designating Hawaii as the origin of their Mainland Milk Products in their labels, packaging, promotions, marketing, or advertising of any Mainland Milk product they manufacture, package, or label.

52.    Pursuant to 15 U.S.C. § 1117, Plaintiff seeks to recover the cost of this action, and, because this case qualifies as exceptional, its reasonable attorneys' fees.

53.    Plaintiff seeks to hold Defendants jointly and severally liable for the lost profits of Plaintiff and for corrective advertising necessary to restore the reputation and goodwill of Hawaii Foodservice's products.

## Contributory Liability

54.    If any Defendant is not directly liable under 15 U.S.C. § 1125(a), that Defendant is subject to contributorily liability under the Lanham Act because it materially contributed to unlawful conduct under 15 U.S.C. § 1125(a)(1) by one or more of the other Defendants, as set forth above.

55.    With respect to Hollandia, Heritage, and Saputo, each of those defendants materially participated and/or materially furthered MGD's direct violations of the Lanham Act by providing MGD with the false and deceptively labeled Mainland Milk Products for MGD to sell in Hawaii.

56.     Hollandia, Heritage, and Saputo each knew that their respective Mainland Milk Products they supplied to MGD were not sourced from Hawaii and that the information on the labels they applied to such Mainland Milk Products was false, misleading and/or deceptive.

57.     Nevertheless, Hollandia, Heritage, and Saputo each applied those false, misleading and/or deceptive labels to their Mainland Milk Products and supplied those labeled products to MGD for sale in Hawaii.

58.     Accordingly, if not directly liable, Hollandia, Heritage, and Saputo are contributorily liable for knowingly and intentionally participating in and/or contributing to MGD's unlawful conduct under the Lanham Act.

59.     With respect to MGD, it materially participated and/or materially furthered direct violations of the Lanham Act by Hollandia, Heritage, and Saputo by inducing those Defendants to apply false and deceptive labels to their Mainland Milk Products and to transport those products to MGD through interstate commerce for sale in Hawaii.

60.     MGD knew the products it was sourcing for sale in Hawaii contained no milk from cows in Hawaii and that the labels for its Mainland Milk Products were false, misleading and/or deceptive.   Nevertheless,  MGD induced or caused Hollandia, Heritage, and Saputo to apply those labels to the Mainland Milk Products that were shipped to MGD for sale in Hawaii.

61. Accordingly, if not directly liable, MGD is contributorily liable for knowingly and intentionally participating in and/or contributing to unlawful conduct under the Lanham Act by Hollandia, Heritage, and Saputo.

## SECOND CAUSE OF ACTION
### UNFAIR METHODS OF COMPETITION
### (HAW. REV. STAT. CHAPTER 480)

62.   Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

63.   The foregoing acts, practices, and conduct by Defendants violated Haw. Rev. Stat. § 480-2, which prohibits unfair competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

64.   Plaintiff has been injured by the reason of Defendants' unfair competition in the Hawaii milk product market in which multiple suppliers and distributors compete to provide milk products to Hawaii consumers.  Defendants' unfair methods of competition arise from their deceptive trade practices in knowingly and misleadingly labeling and advertising their Mainland Milk Products to suggest they are locally produced in Hawaii and that the origin of their Mainland Milk Products is sourced in Hawaii.  Specifically, Defendants' labels on their Mainland Milk Products contain the following false and/or deceptive information: (a) "Made with Aloha"; (b) "Hawaii's Dairy"; and (c) "Today we

operate statewide and continue to manufacture fresh milk . . . products in Hawai'i",
among other things.

65.    Those   false   and/or   deceptive   statements   constitute   material
representations that are likely to mislead consumer's acting reasonably under the
circumstances because these representations are likely to affect a consumer's choice.

66.    Defendants' practices of using false and/or deceptive statements in
connection with their products are unfair because they offend established public
policy and the practices are immoral, unethical, oppressive, unscrupulous or
substantially injurious to consumers.

67.    Defendants compete as suppliers of milk products with Plaintiff and
other suppliers and distributors of milk products in Hawaii, and Defendants' unfair
practices have adversely impacted—and continue to adversely affect—Plaintiff and
other honest business persons by flooding the Hawaii marketplace with Mainland
Milk Products disguised as "local" products, which misleads consumers and induced
them to pay a premium price over competing milk products that similarly originate
from the mainland, such as provided by Hawaii Foodservice.

68.    Defendants' conduct also harms competition because it makes it more
difficult  for  competitors  selling  identical  non-local  milk  products  to  Hawaii
consumers to continue to offer their products in Hawaii because Defendants receive
an unfair advantage in the Hawaii milk product market by obtaining premium prices

and more customers as a result of their deceptive labeling of their products as being from Hawaii.

69.    Defendants' deceptive and unfair manner of competing in the Hawaii milk product market diverts sales from other milk product suppliers such as Hawaii Foodservice, which does not falsely advertise its milk products as having been produced locally in Hawaii.

70.    Defendants' deceptive and unfair practices of competing in the Hawaii milk product market have an additional negative effect on competition because their deceptive labeling prevents future producers or suppliers of actual local dairy products from differentiating themselves as providing truly local and fresher milk products for the Hawaii consumer and successfully entering and competing in the Hawaii milk product market.

71.    Defendants' deceptive and unfair practices have caused, and continue to cause, direct and substantial harm to Hawaii Foodservice's business; Plaintiff is therefore entitled to sue for and recover treble damages, costs, and reasonable attorneys' fees pursuant to Haw. Rev. Stat. § 480-13.

72.    Plaintiff shall be entitled to such damages in an amount to be proven at the trial hereof.

## <u>THIRD CAUSE OF ACTION</u>
## FALSE ADVERTISING
## (HAW. REV. STAT. § 708-871)

73.    Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

74.    Defendants have represented, and continue to represent, to the public through deceptive labeling, marketing, and advertising that the contents of their Mainland Milk Products are sourced from local dairy cows in Hawaii, which is misleading because ***none*** of the contents of their Mainland Milk Products originate from any dairy cows in Hawaii.

75.    Defendants have violated and continue to violate Haw. Rev. Stat. § 708-871 by disseminating misleading information when they know, knew, or should have known through the exercise of reasonable care that the representations made in their labeling, marketing, and advertising addressed to the public were and continue to be misleading.

76.    Plaintiff has been injured by the reason of Defendants' false advertising and labeling of their Mainland Milk Products to suggest that they are locally produced and that the origin of their contents are sourced in Hawaii.

77.    Plaintiff is therefore entitled to recover damages.

78.     Pursuant to Haw. Rev. Stat. § 603-23.5, Plaintiff shall also be entitled to injunctive relief to enjoin Defendants' acts that violate Haw. Rev. Stat. § 708-871 and to such damages in an amount to be proven at the trial hereof.

### FOURTH CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES
### (HAW. REV. STAT. CHAPTER 481A)

79.     Plaintiff reasserts the foregoing paragraphs and incorporates the same as though fully stated herein.

80.     The foregoing acts, practices, and conduct by Defendants violated Haw. Rev. Stat. Section 481A *et seq*., which prohibits deceptive trade practices, including but not limited to the use of "deceptive representations or designations of geographic origin in connection with goods" and causing "likelihood of confusion or misunderstanding as to the source" of goods in the conduct of one's business, vocation, or occupation.

81.     Plaintiff has been injured by the reason of Defendants' deceptive trade practices in willfully and misleadingly advertising and labeling their Mainland Milk Products to suggest they originate from local dairy cows in Hawaii.

82.     Plaintiff is therefore entitled to sue for and recover injunctive relief pursuant to Haw. Rev. Stat. § 481A-4.

83.     Moreover, because Defendants willfully engaged in deceptive trade practices, Plaintiff is entitled to its reasonable attorneys' fees pursuant to Haw. Rev.

Stat. § 481A-4.Plaintiff shall be entitled to such damages in an amount to be proven at the trial hereof.

## PRAYER FOR RELIEF

WHEREFORE, Hawaii Foodservice prays for relief as follows:

A.     As a direct and proximate result of their wrongful conduct as alleged above, Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff and to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 permanently restraining Defendants from designating Hawaii as the origin of Defendants' Mainland Milk Products in Defendants' labels, packaging, promotions, marketing, or advertising of any Mainland Milk product they manufacture, package, or label;

B.     Pursuant to 15 U.S.C. § 1117, Plaintiff seeks to

(1)     hold Defendants jointly and severally liable for all damages resulting from Defendants' acts alleged herein,

(2)     compel Defendants to account for—and to disgorge—any and all of the profits derived by Defendants through their illegal acts complained of herein,

(3)     have its damages trebled as a result of Defendants' deliberate, willful, and intentional conduct in violation of 15 U.S.C. § 1125(a), and

(4)    recover the cost of this action, and, because this case qualifies as exceptional, its reasonable attorneys' fees;

C.    Pursuant to Haw. Rev. Stat. § 408-13, Plaintiff seeks to recover threefold of its damages sustained, and its reasonable attorneys' fees and costs of suit;

D.    Pursuant to Haw. Rev. Stat. § 481A-4, Plaintiff seeks an injunction permanently restraining Defendants from designating Hawaii as the origin of Defendants' Mainland Milk Products in Defendants' labels, packaging, promotions, marketing, or advertising of any Mainland Milk product they manufacture, package, or label.  Plaintiff also seeks to recover its reasonable attorneys' fees;

E.    Plaintiff seeks to hold Defendants jointly and severally liable for the lost profits of Plaintiff and for corrective advertising necessary to restore the reputation and goodwill of Plaintiff's milk products that do not falsely designate Hawaii as their origin;

F.    Plaintiff seeks prejudgment and post-judgment interest; and

G.    Plaintiff seeks an award of any and all other relief that this Court deems just and proper.

DATED:  Honolulu, Hawaii, April 18, 2022.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Kelly G. LaPorte*

KELLY G. LaPORTE
LINDSAY N. MCANEELEY
NATHANIEL DANG
Attorneys for Plaintiff
HAWAII FOODSERVICE ALLIANCE,
LLC