```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII
```

| | |
|---|---|
| HAWAII FOODSERVICE ALLIANCE, LLC, A HAWAII LIMITED LIABILITY COMPANY;<br><br>        Plaintiff,<br><br>    vs.<br><br>MEADOW GOLD DAIRIES HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY;  HOLLANDIA DAIRY, INC., A CALIFORNIA CORPORATION; HERITAGE DISTRIBUTING COMPANY, SAPUTO DAIRY FOODS USA, LLC, A DELAWARE CORPORATION;<br><br>        Defendants. | CIV. NO. 21-00460 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED EXHIBITS A AND D TO HAWAII FOODSERVICE ALLIANCE, LLC'S MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF ERIC BARNES**

On May 28, 2024, Plaintiff Hawaii Foodservice Alliance, LLC ("Plaintiff" or "HFA") filed its Motion to Exclude Expert Report and Testimony of Eric Barnes ("Barnes Moton"). [Dkt. no. 204.] On May 29, 2024, Plaintiff filed an ex parte motion seeking leave to file under seal unredacted versions of Exhibits A and D in support of the Barnes Motion ("Motion to Seal"). [Dkt. no. 205.] This Court finds the Motion to Seal suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

Plaintiff's Motion to Seal is hereby granted in part and denied in part for the reasons set forth below. Plaintiff's Motion to Seal is denied as to its request to seal materials regarding Defendant Hollandia Dairy, Inc. ("Hollandia"), and the Motion to Seal is granted in all other respects.

## BACKGROUND

Dwight J. Duncan, CFA ("Duncan") is Plaintiff's economic damages expert. See Motion to Seal, Declaration of Kelly G. LaPorte ("LaPorte Decl."), Exh. A (redacted version of Expert Report of Dwight J. Duncan, CFA, dated 7/10/23 ("Duncan Report")) at 2. Eric M. Barnes, MS, MBA ("Barnes") provided earned profit calculations for purposes of Plaintiff's claims seeking the remedy of disgorgement from Defendant Meadow Gold Dairies Hawaii, LLC ("MGDH" or "MGD"), Hollandia, Defendant Heritage Distributing Company doing business as Ninth Avenue Foods ("Heritage"), and Saputo Dairy Foods USA, LLC ("Saputo" and collectively "Defendants"). Barnes also responded to the Duncan Report. See id., Exh. B (letter dated 9/25/23 to Defendants' counsel from Barnes ("Barnes 9/25/23 Report")) at 1, ¶ 2. Duncan issued a reply report that, among other things, responded to the Barnes 9/25/23 Report. See id., Exh. D (redacted version of Reply Expert Report of Dwight J. Duncan, CFA, dated 11/30/23 ("Duncan Reply Report")) at 1. Plaintiff uses the Duncan Report and the Duncan Reply Report to support

2

its position that Barnes's report and testimony should be precluded. <u>See generally</u> Barnes Motion, Mem. in Supp.

Redacted from the version of Exhibit A that Plaintiff filed with the Barnes Motion are the following annotated tables that are cited in the Duncan Report:

-Appendix E: MGD's Revenue and Gross Profits for Disgorgement Claims;

-Appendix F-1: Hollandia's Revenue and Gross Profits for Disgorgement Claims, and Appendix F-2: Hollandia Unit Sales, Revenues and Gross Profits of Products-at-Issue;

-Appendix G-1: Ninth Avenue Food's Revenue and Gross Profits for Disgorgement Claims, and Appendix G-2: Ninth Avenue Food/Heritage Unit Sales, Revenues and Gross Profits of Products-at-Issue;

-Appendix H: Saputo's Revenue and Gross Profits for Disgorgement Claims; and

-Appendix I-1: Summary of HFA Lost Profits, and Appendix I-2: HFA Lost Profits.

Similarly, redacted from the version of Exhibit D filed with the Barnes Motion are the following annotated tables cited in the Duncan Reply Report:

-Updated Appendix D: Summary of HFA's Economic Damages;

-Updated Appendix F-1: Hollandia's Revenue and Gross Profits for Disgorgement Claims;

-Updated Appendix G-1: Ninth Avenue Food's Revenue and Gross Profits for Disgorgement Claims, and Updated Appendix G-2: Ninth Avenue Foods' Units Sales, Revenues and Gross Profits of Products-at-Issue; and

-Updated Appendix H: Saputo's Revenue and Gross Profits for Disgorgement Claims.

The unredacted versions of Exhibits A and D, which Plaintiff proposes to file under seal, were submitted to this Court for review on May 29, 2024.

**STANDARD**

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." Kamakana v. Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks and citation omitted). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." Id. at 1178-79 (brackets and internal quotation marks and citations omitted). The court considering the motion to seal must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (brackets and internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and internal quotation marks omitted). The "compelling reasons" standard applies when the materials sought to be sealed are "more than tangentially related to the merits of a case."

4

Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016).

When a motion is only tangentially related to the merits of a case, the less stringent "good cause" standard of Federal Rule of Civil Procedure 26(c) applies. Id. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result if not protective order is granted." Phillips ex. rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citations omitted).

The Barnes Motion seeks to exclude evidence that is likely to be presented to address Plaintiff's request for disgorgement of the profits that Defendants earned from what Plaintiff alleges is Defendants' wrongful conduct. See Barnes Motion, Mem. in Supp. at 2-3. Because the Barnes Motion addresses evidence regarding the relief Plaintiff seeks in this case, the evidence is related to the merits of the claims in this case, and the compelling reasons standard applies to the Motion to Seal.

## DISCUSSION

At the outset, this Court notes that, after Plaintiff filed the Barnes Motion and the Motion to Seal, summary judgment was granted in favor of Hollandia and Hollandia has been terminated as a party. See Order Granting in Part and Denying in

5

Part the Supplier Defendants' Amended Motion for Partial Summary Judgment, filed 6/4/24 (dkt. no. 209), at 45-46. Therefore, it will not be necessary for this Court to consider the materials regarding Hollandia's revenue and profits when this Court rules on the Barnes Motion. Because those portions of the Duncan Report and the Duncan Reply Report will not be considered, it is not necessary to file those materials under seal. The Motion to Seal is denied as to Appendices F-1 and F-2 to Exhibit A and as to Updated Appendix F-1 to Exhibit D.

      The remaining appendices contain information that is relevant to the claims in this case, but the parties' financial information could be used to harm their competitive market positions if the information is made publicly available. See, e.g., San Diego Detox, LLC v. Detox Ctr. of San Diego LLC, Case No. 3:22-cv-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024); Acevedo v. Russell Cellular, Inc., Case No. 1:20-cv-01440-JLT-SAB, 2023 WL 2620383, at *1 (E.D. Cal. Mar. 23, 2023). Further, the public interest in the appendices is minimal because the Duncan Report and the Duncan Reply Report have been publicly filed. The public has access to the analysis of the appendices that are at issue in the Motion to Seal. Having balanced the competing interests, this Court concludes that there are compelling reasons to seal Appendices E, G-1, G-2, H, and I to Exhibit A and Updated Appendices D, G-2, and H to

Exhibit D. Plaintiff's Motion to Seal is therefore granted as those appendices.

Plaintiff is DIRECTED to resubmit: Exhibit A with Appendices F-1 and F-2 redacted; and Exhibit D with Updated Appendix F-1 redacted. Plaintiff must submit those versions of Exhibits A and D to this Court by email to kobayashi_orders@hid.uscourt.gov by **July 5, 2024.**

### CONCLUSION

For the foregoing reasons, Plaintiff's *Ex Parte* Motion for Leave to File Under Seal Unredacted Exhibits A and D to Hawaii Foodservice Alliance, LLC's Motion to Exclude Expert Report and Testimony of Eric Barnes, filed May 29, 2024, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion to Seal is DENIED as Appendices F-1 and F-2 to Exhibit A and as to Updated Appendix F-1 to Exhibit D. The Motion to Seal is GRANTED in all other respects. Plaintiff is DIRECTED to resubmit Exhibits A and D, consistent with this Order, by **July 5, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 3, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAII FOODSERVICE ALLIANCE, LLC VS. MEADOW GOLD DAIRIES HAWAII, LLC, ET AL**; CV 21-00460 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED EXHIBITS A AND D TO HAWAII FOODSERVICE ALLIANCE, LLD'S MOTION TO EXCLUDE EXPERT REPORT AND TESIMONY OF ERIC BARNES