UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII FOODSERVICE ALLIANCE, LLC, A HAWAII LIMITED LIABILITY COMPANY;<br><br>Plaintiff,<br><br>vs.<br><br>MEADOW GOLD DAIRIES HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY;  HOLLANDIA DAIRY, INC., A CALIFORNIA CORPORATION; HERITAGE DISTRIBUTING COMPANY, SAPUTO DAIRY FOODS USA, LLC, A DELAWARE CORPORATION;<br><br>Defendants. | CIV. NO. 21-00460 LEK-WRP |

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORTS AND TESTIMONY OF THOMAS J. MARONICK, [FILED 5/28/24 (DKT. NO. 201)]**

Defendants Meadow Gold Dairies Hawaii, LLC; Hollandia Dairy, Inc.; Heritage Distributing Company dba Ninth Avenue Foods; and Saputo Cheese USA Inc. fka Saputo Dairy Foods USA, LLC (collectively "Defendants") seek to exclude testimony of Plaintiff Hawaii Foodservice Alliance, LLC's expert witness, Thomas J. Maronick, DBA, J.D. ("Dr. Maronick"), specifically about the surveys he conducted regarding the Meadow Gold brand. See Defs.' Motion to Exclude Expert Reports and Testimony of Thomas J. Maronick, filed 5/28/24 (dkt. no. 201) ("Maronick Motion"). They argue that Dr. Maronick's surveys are irrelevant,

lack any controls, are wholly unreliable, and must be excluded under Rule 403, Federal Rules of Evidence. Plaintiff Hawaii Foodservice Alliance, LLC's ("Plaintiff") opposes the motion and argues that Defendants' objections go to weight rather than admissibility, and that his opinions and survey results are relevant. [Pltf.'s Memorandum in Opposition to Maronick Motion, filed 7/8/24 (dkt. no. 220) ("Mem. in Opp.").]

As a preliminary matter, the Court notes that "[a] motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). This Court is afforded broad discretion in adjudicating motions in limine. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1259 (9th Cir.) (stating a district court's rulings on motions in limine are reviewed for abuse of discretion), *cert. denied*, 142 S. Ct. 343 (2021). "However, *in limine* rulings are not binding" and the Court "may always change [its] mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Thus, motions in limine rulings are always provisional.

## BACKGROUND

The operative pleading in this matter is Plaintiff's Second Amended Complaint, which alleges four causes of action: false designation of origin and false advertising, in violation

2

of the Lanham Act, Title 15 United States Code Section 1125(a) ("Lanham Act Claim") (Count I);[1] unfair methods of competition, in violation of Hawai`i Revised Statutes Chapter 480 ("State UMOC Claim") (Count II); false advertising, in violation of Hawai`i Revised Statutes Section 708-871 and Section 603-23.5 ("State False Advertising Claim") (Count III); and deceptive trade practices, in violation of Hawai`i Revised Statues Chapter 481A ("State Deceptive Trade Practices Claim") (Count IV). See Pltf.'s Second Amended Complaint, filed 2/1/23 (dkt. no. 83), at ¶¶ 59-124. Plaintiff seeks injunctive relief as well as disgorgement of profits, treble damages, reasonable attorney's fees, lost profits, the cost of corrective advertising, and prejudgment and post-judgment interest. See id. at pgs. 41-43.

As this Court has stated previously, the crux of this case is Plaintiff's allegation that Defendant Meadow Gold Dairies Hawaii, LLC ("MGDH") used phrasing and imagery suggesting that the Meadow Gold brand products are sourced in Hawai`i, and these activities are misleading and deceptive because the Meadow Gold products contain milk and other products

---

[1] Plaintiff's description of its Lanham Act Claim also refers to unfair competition. See Second Amended Complaint at pg. 23. This Court does not construe this claim as alleging an unfair competition claim separate from Plaintiff's false designation of origin claims and its false advertising claims. Rather, Plaintiff merely notes that the purposes of such claims is to prevent unfair competition in commerce. See id. at ¶¶ 61-63.

that are imported from the continental United States. Defendants Hollandia Dairy, Inc. ("Hollandia"), Heritage Distributing Company dba Ninth Avenue Foods ("Heritage"), and Saputo Cheese USA Inc. fka Saputo Dairy Foods USA, LLC ("Saputo") (collectively "Supplier Defendants") supply products to MGDH. [Second Amended Complaint at ¶¶ 7-9.]

Partial summary judgment was granted on January 31, 2024 in favor of MGDH and against Plaintiff on "claims against MGDH based upon MGDH's use of the Hawai`i-Themed Images and Phrases, . . . . [and was] denied as to MGDH's request for summary judgment as to Plaintiff's claims based on th[e] portion of the Dairymen's Text" representing "that Meadow Gold products are manufactured fresh in Hawai`i." Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed 1/31/24 (dkt. no. 176) ("1/31 Order"), at 43; see also 1/31 Order at 15 (identifying the Dairymen's Text). In making its ruling, the Court stated:

> This Court therefore concludes that, by the time Plaintiff filed this action in November 2021, the laches period for each of its claims against MGDH based on the use of those images and statements had expired. This ruling applies to the use of the Lani Moo mascot and the "Hawaii's Dairy" tagline, as well as to other images and phrases that suggest a connection to Hawai`i without making a representation about origin, including "MOOhalo," "Made with Aloha," and notations of the historical connection with the Dairymen's Association. These will be referred to

4

    collectively as "the Hawai`i-Themed Images and Phrases."

[Id. at 35.] The passage that the Court referred to as "the Dairymen's Text" "contain[ed] an express representation about the origins of the products." [Id. (citation omitted).] The Court has referred to that express representation as "the Relevant Text." [Order Granting in Part and Denying in Part the Supplier Defendants' Amended Motion for Partial Summary Judgment, filed 6/4/24 (dkt. no. 209) ("6/4 Order"), at 5 (identifying the Relevant Text).]

  On June 6, 2024, summary judgment was granted on all claims against Hollandia and it was terminated as a party to the instant litigation on June 20, 2024. See generally 6/4 Order. Partial summary judgment was "granted in favor of the Supplier Defendants as to al all of Plaintiff's claims based upon the Supplier Defendants' use of the Hawai`i-Themed Images and Phrases in connection with MGDH's products," and summary judgment was "denied as to Plaintiff's Lanham Act false designation of geographic origin claim against Heritage and Saputo based on direct liability; Plaintiff's Lanham Act false advertising claim against Saputo based on direct liability; Plaintiff's false advertising claim against Heritage based on contributory liability; and Plaintiff's state law claims." [Id. at 45-46.]

Thus, the remaining claims to be resolved at trial are: Plaintiff's Lanham Act false designation of geographic origin claim against MGDH, Heritage and Saputo based on direct liability; Plaintiff's Lanham Act false advertising claim for alleged false designation of geographic origin against MGDH and Saputo based on direct liability and against Heritage based on contributory liability; and Plaintiff's State UMOC Claim, State False Advertising Claim, and State Deceptive Trade Practices Claim against MGDH, Heritage and Saputo for alleged false designation of geographic origin.

## **DISCUSSION**

Defendants seek to exclude Dr. Maronick's testimony because it is irrelevant since his surveys focus on Plaintiff's claims for which summary judgment has been granted in their favor. Plaintiff contends that the surveys do not heavily focus on the Hawai`i-Themed Images and Phrases, which are no longer part of Plaintiff's claims. In deciding motions in limine, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." See Fed. R. Evid. 401. Relevant evidence is generally admissible, but may be excluded for various reasons, including "if its probative value is

substantially outweighed by a danger of . . . confusing the issues . . . ." Fed. R. Evid. 402, 403.

To the extent that the surveys involved the groups reviewing products containing the Hawai`i-Themed Images and Phrases, Dr. Maronick's testimony is not relevant to the remaining claims and thus must be excluded. See Fed. R. Evid. 402, 403.

Federal Rule of Evidence 702 controls the admissibility of Dr. Maronick's opinions. The rule requires that the evidence must assist the fact finder to understand the evidence or to determine a fact in issue; and the witness must be sufficiently qualified to give the opinion. To the extent that Defendants contend that Dr. Maronick failed to apply generally-accepted principles and methodologies, these concerns can be raised and addressed on cross-examination. See Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").

## CONCLUSION

Defendants' Motion to Exclude Expert Reports and Testimony of Thomas J. Maronick, [filed 5/28/24 (dkt. no. 201),] is GRANTED to the extent that Dr. Maronick's testimony and reports relying upon or containing reference to the Hawai`i-

7

Themed Images and Phrases are excluded, and is DENIED in all other respects.

Specifically, any survey that Dr. Maronick conducted that only involved Hollandia products, any survey that Dr. Maronick conducted that involved products that did not contain the Relevant Text, and any opinions that Dr. Maronick rendered regarding such surveys are EXCLUDED in their entirety.

Surveys that Dr. Maronick conducted that included Hollandia products with products from Heritage and Saputo are admissible, but any portion of those surveys regarding Hollandia products must be redacted from any exhibits to be presented at trial. Surveys that Dr. Maronick conducted that included products with the Relevant Text are admissible,[2] but any portion of those surveys regarding products that did not contain the Relevant Text must be redacted from any exhibits to be presented at trial. Dr. Maronick will not be permitted to testify as to the opinions that he formed based upon any excluded survey or portion of a survey.

Counsel are DIRECTED to meet and confer regarding the redactions required under this Order.

---

[2] The Court's rulings in this Order apply to all products bearing the Relevant Text, even if that text does not appear in the Dairymen's Text.

8

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAII FOODSERVICE ALLIANCE, LLC, VS. MEADOW GOLD DAIRIES HAWAII, LLC ET AL.; CV 21-00460 LEK-WRP; AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORTS AND TESTIMONY OF THOMAS J. MARONICK, [FILED 5/28/24 (DKT. NO. 201)]**