UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII FOODSERVICE ALLIANCE, LLC, A HAWAII LIMITED LIABILITY COMPANY;<br><br>        Plaintiff,<br><br>   vs.<br><br>MEADOW GOLD DAIRIES HAWAII, LLC, A HAWAII LIMITED LIABILITY COMPANY;  HOLLANDIA DAIRY, INC., A CALIFORNIA CORPORATION; HERITAGE DISTRIBUTING COMPANY, SAPUTO DAIRY FOODS USA, LLC, A DELAWARE CORPORATION;<br><br>        Defendants. | CIV. NO. 21-00460 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
THE PARTIES' MOTIONS TO EXCLUDE EXPERT REPORTS
AND TESTIMONY, [DKT. NOS. 198, 199, 200, 202, 203, 204]**

On July 29, 2024, this Court held a hearing on the following motions, all of which were filed on May 28, 2024: Plaintiff Hawaii Foodservice Alliance, LLC's ("Plaintiff") Motion to Exclude Expert Report and Testimony of John Tidwell ("Tidwell Motion"); Plaintiff's Motion to Exclude Expert Report and Testimony of Itamar Simonson ("Simonson Motion"); and Plaintiff's Motion to Exclude Expert Report and Testimony of Sarah Butler ("Butler Motion"). [Dkt. nos. 198, 202, 203.]

Also before this Court are the following motions, which were also filed on May 28, 2024: the Motion to Exclude

Reports and Testimony of Dwight J. Duncan ("Duncan Motion"),
filed by Defendants Meadow Gold Dairies Hawaii, LLC ("MGDH");
Hollandia Dairy, Inc. ("Hollandia"); Heritage Distributing
Company dba Ninth Avenue Foods ("Heritage"); and Saputo Cheese
USA Inc. fka Saputo Dairy Foods USA, LLC ("Saputo" and all
collectively "Defendants"); Defendants' Motion to Exclude
Reports and Testimony of Ronald Goodstein, filed 5/28/24 (dkt.
no. 200) ("Goodstein Motion"); and Plaintiff's Motion to Exclude
Expert Report and Testimony of Eric Barnes ("Barnes Motion").
[Dkt. nos. 199, 200, 204.] This Court finds the Duncan Motion,
the Goodstein Motion, and the Barnes Motion suitable for
disposition without a hearing pursuant to Rule LR7.1(c) of the
Local Rules of Practice for the United States District Court for
the District of Hawaii ("Local Rules").

The Tidwell Motion, the Butler Motion, the Duncan
Motion, the Goodstein Motion, the Simonson Motion, and the
Barnes Motion (collectively "Motions to Exclude") are hereby
granted in part and denied in part for the reasons set forth
below.

## BACKGROUND

Also on May 28, 2024, Defendants filed a motion
seeking to exclude testimony of Plaintiff's expert witness,
Thomas J. Maronick, DBA, J.D. ("Dr. Maronick"), specifically
about the surveys he conducted regarding the Meadow Gold brand.

See Defs.' Motion to Exclude Expert Reports and Testimony of
Thomas J. Maronick, filed 5/28/24 (dkt. no. 201) ("Maronick
Motion"). On July 29, 2024, this Court issued an amended order
granting the Maronick Motion in part and denying it in part.
[Amended Order Granting in Part and Denying in Part Defendants'
Motion to Exclude Expert Reports and Testimony of Thomas J.
Maronick, [Filed 5/28/24 (Dkt. No. 201)], filed 7/29/24 (dkt.
no. 243) ("7/29 Amended Order").] The relevant background of
this case is set forth in the 7/29 Amended Order and will not be
repeated here.

Similar to Dr. Maronick, John Tidwell, Ph.D.
("Dr. Tidwell") and SMS Research & Marketing Services, Inc. were
retained by Defendants to conduct a survey regarding Hawai`i
residents' habits and preferences when they buy dairy products.
See generally Tidwell Motion, Declaration of Kelly G. LaPorte,
Exh. A (Expert Report of John Tidwell). Defendants retained
Itamar Simonson, Ph.D. ("Dr. Simonson") to conduct a survey
regarding whether and to what extent certain terms or phrases on
Meadow Gold brand products affected the likelihood that Hawai`i
consumers would purchase the products and the amount that
Hawai`i consumers were willing to pay for the products. In
addition, Dr. Simonson evaluated the report of Plaintiff's
expert, Ronald C. Goodstein, Ph.D. ("Dr. Goodstein"). See
generally Simonson Motion, Declaration of Kelly G. LaPorte,

3

Exh. A (Expert Report of Dr. Itamar Simonson). Plaintiff retained Dr. Goodstein to provide opinions regarding corrective advertising. See generally, Goodstein Motion, Declaration of Erika L. Amatore, Exh. 1 (Report of Ronald C. Goodstein, Ph.D., dated 7/10/23). Defendants retained Sarah Butler, M.A. ("Butler") to review and respond to Dr. Maronick's surveys and to his opinions. See generally Butler Motion, Declaration of Kelly G. LaPorte, Exh. C (Expert Rebuttal Report of Sarah Butler).

Dwight J. Duncan, CFA ("Duncan") is Plaintiff's damages expert. See generally Duncan Motion, Declaration of Christine Belcaid, Exh. 1 (Expert Report of Dwight J. Duncan, CFA, July 10, 2023). Eric M. Barnes, MS, MBA ("Barnes") is Defendants' damages expert, and he was directed to prepare rebuttal opinions responding to Duncan's July 10, 2023 report. See generally Barnes Motion, Declaration of Kelly G. LaPorte, Exh. B (Barnes's expert rebuttal report).

## DISCUSSION

### I.   Expert Witness Qualifications

Federal Rule of Evidence 702 controls the admissibility of the opinions rendered by the parties' expert witnesses. See 7/29 Amended Order at 7. Rule 702 provides that expert opinion evidence is admissible if: (1) the witness is sufficiently "qualified as an expert by knowledge, skill,

4

experience, training, or education"; (2) the witness's

"scientific, technical, or other specialized knowledge will help

the trier of fact to understand the evidence or to determine a

fact in issue"; (3) the witness's "testimony is based on

sufficient facts or data"; (4) the witness's "testimony is the

product of reliable principles and methods"; and (5) the witness

has reliably applied the relevant principles and methods to the

facts of the case. Fed. R. Evid. 702.

The first factor, whether the expert is sufficiently

qualified, was not at issue in the Maronick Motion. The

challenges raised in Maronick Motion focused upon Dr. Maronick's

survey methods and the surveys' relevance. See generally

Maronick Motion at 11-21 (analysis section).[1] The Tidwell Motion

raises similar challenges, but it also argues Dr. Tidwell is not

qualified to render expert opinions in this case. See generally

Tidwell Motion, Mem. in Supp. at 10-24 (argument section).

Plaintiff argues Dr. Tidwell "is not qualified to design,

interpret, and draw conclusions from a survey relevant to the

issues in this Lanham Act case involving a false designation of

geographic origin claim." [Id. at 10-11.]

---

[1] Like the Maronick Motion, the Butler Motion, the Duncan
Motion, the Goodstein Motion, the Simonson Motion, and the
Barnes Motion do not challenge the proposed experts'
qualifications.

"Rule 702 'contemplates a **broad conception** of expert qualifications,'" and therefore only a "**'minimal foundation** of knowledge, skill, and experience [is] required in order to give 'expert' testimony." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1015, 1016 (9th Cir. 2004) (emphases in Hangarter) (quoting Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1269 (9th Cir. 1994)). Defendants do not offer Dr. Tidwell as a Lanham Act expert. They offer him as an expert in the field of consumer marketing and research. [Defendants' Memorandum in Opposition to Plaintiff Hawaii Foodservice Alliance, LLC's Motion to Exclude Expert Report and Testimony of John Tidwell, Filed on May 28, 2024 [Dkt. 198], filed 7/8/24 (dkt. no. 218), at 1.] For purposes of the Tidwell Motion, this Court finds that Dr. Tidwell is sufficiently qualified in the area that Defendants seek to offer him as an expert witness. This Court therefore rejects Plaintiff's argument that Dr. Tidwell's testimony should be excluded because he lacks the requisite qualifications.

This Court's ruling does not prevent Plaintiff from questioning Dr. Tidwell during *voir dire* regarding his qualifications, nor does it preclude Plaintiff from renewing its relevancy arguments based on the evidence actually presented at trial. As noted in the 7/29 Amended Order, rulings on motions in limine are provisional.

## II.   Application of the 7/29 Amended Order

The analysis set forth in 7/29 Amended Order regarding Dr. Maronick's opinions addressing the surveys that he conducted also applies to the opinions by Dr. Tidwell, Dr. Simonson, and Butler as to both their opinions addressing their own surveys and opinions addressing surveys conducted by other expert witnesses. This Court therefore concludes that the rulings in the 7/29 Amended Order also apply to the surveys that Dr. Tidwell, Dr. Simonson, and Butler conducted and/or rebutted, as well as to their opinions analyzing those surveys. See 7/29 Amended Order at 7-8. In sum, surveys and opinions that only address Hollandia's products are excluded, and surveys and opinions about products that did not contain the Relevant Text are excluded. See id. at 5 (citing the definition of what is referred to as "the Relevant Text"). Surveys that involved both Hollandia's products and the products of Heritage and/or Saputo are admissible, but any portion regarding Hollandia must be redacted. Surveys that involved both products that contained the Relevant Text and products that did not contain the Relevant Text are admissible, but any portion regarding products that did not contain the Relevant Text must be redacted. Dr. Tidwell's, Dr. Simonson's, and Butler's opinions based upon the surveys are admissible to the same extent.

Dr. Goodstein, Duncan, and Barnes did not conduct consumer surveys, nor are their opinions based primarily upon such surveys. However, the analysis and rulings in the 7/29 Amended Order still apply. Dr. Goodstein's opinions regarding corrective advertising are limited to what he opines is necessary to correct the effect of the Relevant Text. Duncan's and Barnes's damages analyses are limited to damages purportedly caused by the use of the Relevant Text.

## CONCLUSION

For the foregoing reasons, the parties' Motions to Exclude, [dkt. nos. 198, 199, 200, 202, 203, 204,] are HEREBY GRANTED IN PART AND DENIED IN PART, in the same manner set forth in the 7/29 Amended Order. The parties are DIRECTED to meet and confer regarding the redactions required under this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 30, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

HAWAII FOODSERVICE ALLIANCE, LLC, VS. MEADOW GOLD DAIRIES HAWAII, LLC ET AL.; CV 21-00460 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS TO EXCLUDE EXPERT REPORTS AND TESTIMONY, [DKT. NOS. 198, 199, 200, 202, 203, 204]